30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angel R. PEREZ, Defendant-Appellant.
 No. 93-3407.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1994.
Decided June 27, 1994.
 
 Before CUMMINGS, EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 On April 26, 1993 defendant Angel Perez was convicted after a jury trial of one count of conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 846. He now appeals from the judgment of guilty entered on the jury verdict, from various aspects of his sentencing, and from the denial of his motion for a new trial. We affirm the judgment and sentence, but have no jurisdiction to reach the merits of his claim to a new trial.
 
 Sufficiency of the evidence
 
 2
 Although Perez now challenges the sufficiency of the evidence to sustain his conviction, he did not move for a judgment of acquittal at the close of the government's evidence. Tr. 148. The defense rested, as was its right, without presenting any evidence; it did not move for a judgment of acquittal after resting. Tr. 148. "A defendant who fails to file a timely motion for judgment of acquittal is deemed to have waived on appeal any challenge to the sufficiency of the evidence. When confronted with such an omission, an appellate court may reverse a conviction for insufficiency of the evidence only where the defendant demonstrates a manifest miscarriage of justice." United States v. Caudill, 915 F.2d 294, 296 (7th Cir.1990) (citations omitted).
 
 
 3
 The evidence presented by the government at trial tended to show that there was a conspiracy between Fred Taylor and Robert Luessenhop, both of Fort Wayne, Indiana, to obtain cocaine in Miami, Florida and transport it to Fort Wayne for resale. Luessenhop testified for the government that he bought this cocaine from defendant Perez in Miami and transported it, or arranged for its transport, to Fort Wayne. Taylor supplied the money for these purchases. In order to convict Perez of participation in the conspiracy, "the government must prove that [he] (1) knew of the conspiracy, and (2) intended to associate himself with the criminal scheme." United States v. Lamon, 930 F.2d 1183, 1190 (7th Cir.1991) (citations and internal quotations omitted).
 
 
 4
 The following evidence was adduced at trial, and demonstrates that no miscarriage of justice occurred when Perez was convicted of conspiring to distribute cocaine: Luessenhop purchased cocaine from Perez 20 to 30 times from April 1991 to January 1993. Perez was aware that Luessenhop was purchasing on behalf of Taylor, and Perez met Thomas Favory, whom Luessenhop sometimes hired to transport the cocaine to Fort Wayne. Perez supplied Luessenhop with the prototype car upon which his later fleet of transport cars was modeled. These cars had hidden compartments attached to their bumpers. Taylor, in Fort Wayne, would pack the purchase money in the hidden compartment, Luessenhop would drive the car to Perez's home in Miami, the money would be removed and counted, and the cocaine would be packed back into the compartment. Perez often participated in the removal of the bumper and in the packing of the cocaine. After Taylor was arrested in February 1992, Luessenhop continued to purchase cocaine from Perez. Perez advised Luessenhop to postpone one of his trips until after Taylor was sentenced. Luessenhop took this advice, but was arrested in January 1993 on his way to Florida with $22,000 in the bumper of his car. He pleaded guilty and testified in the Perez trial pursuant to a plea agreement.
 
 
 5
 It is clear that Perez was not merely the seller of cocaine to a buyer in whose future dealings he had no interest. On the contrary, the evidence supports the inference that he knew of the conspiracy and intended to associate himself with it. There was certainly no miscarriage of justice when the properly instructed jury made this inference.
 
 
 6
 Another man was sometimes present when the money was removed from the car bumper and the cocaine repackaged there. This man, "Chi Chi," spoke very little English. Perez's theory of what occurred was that he merely acted as a translator for Chi Chi, who actually ran the whole operation. Clearly the jury rejected this theory, as was its prerogative.
 
 Sentencing
 
 7
 Perez also objects to his sentence, arguing that the district judge improperly denied him a four-level reduction in the calculation of his offense level under the Sentencing Guidelines. He claims that he was a "minor participant" under Sec. 3B1.2(b), and therefore entitled to a two-level reduction, and that he accepted responsibility for his crime under Sec. 3E1.1, and therefore was entitled to another two-level reduction. He bases both of these objections on the "Chi Chi theory": Perez claims that he was a minor participant in the scheme on the ground that he merely translated for Chi Chi, and he claims that he accepted responsibility on the ground that his address to the judge prior to sentencing repeated this theory.
 
 
 8
 We review the district judge's factual findings in determining the appropriate sentencing range for clear error. United States v. Sanchez, 984 F.2d 769, 774 (7th Cir.1993). In this case there was no error in rejecting the Chi Chi theory. Hence the district judge did not err in denying a two-level reduction for minor participation, nor in denying a two-level reduction for acceptance of responsibility.
 
 Motion for a new trial
 
 9
 Final judgement was entered in this case on September 24, 1993. Perez filed a timely notice of appeal on October 4, 1993. Thus we have jurisdiction over Perez's appeal from the final judgment and sentence in this case. 18 U.S.C. Sec. 3742. On October 26, 1993 Perez filed a motion for a new trial, which the district court denied on December 30, 1993. No notice of appeal from the December 30 order was filed, but Perez now asks us to address the merits of that denial. It is a settled rule in this Circuit that because Perez did not appeal the denial of his motion for a new trial, we have no jurisdiction to review this claim. See, e.g., United States v. Harvey, 959 F.2d 1371, 1377 (7th Cir.1992) (citing United States v. Douglas, 874 F.2d 1145, 1162 (7th Cir.1989), certiorari denied sub nom. United States v. Pratt, 493 U.S. 841).
 
 
 10
 For the foregoing reasons, the judgment and sentence is AFFIRMED.